UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

     v.                                                     Crim. Action No. 2:20-cr-51

Kevin Spear

## **OPINION AND ORDER**
(Doc.11)

Kevin Spear has been indicted by the federal grand jury and charged with knowingly and willfully transmitting in interstate and foreign commerce threats to injure the person of another, in violation of 18 U.S.C. § 875(c) (Count One), and forcible assault of an officer who was assisting federal law enforcement agents in the performance of their official duties, in violation of 18 U.S.C. § 111(a)(2) (Count Two). (Doc. 20.)

Upon the government's filing of the Complaint (Doc. 5), the Office of the Federal Public Defender was appointed as counsel for Spear pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (Doc. 7). On April 29, 2020, the Court held an initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure, at which time the government filed a Motion for Detention pursuant to 18 U.S.C. § 3142. (Doc. 6.) The Court ordered Spear detained pending trial, concluding that the government had shown by clear and convincing evidence that Spear was a danger to the community and that no conditions or combination of conditions could be set to assure the safety of the community. (Doc. 9.) Attorney

Maryanne E. Kampmann entered her appearance on behalf of Spear on May 1, 2020. (Doc. 10.)

Presently before the Court is Spear's Motion to Reconsider the Court's April 29, 2020 Order of Detention. (Doc. 11; *see* Doc. 9.) Therein, counsel for Spear contends that the Court should reconsider its detention order because Emergency Examination records of April 28, 2020, which document a psychiatric and physical examination of Spear that was conducted at the Rutland Regional Medical Center at the request of law enforcement following Spear's arrest, reveal that Spear does not suffer from an acute psychiatric illness.[1] (*Id.* at 1, ¶¶ 4–5; *see* Docs. 11-1, 11-2, 24-1[2].) The emergency room physician recorded in those records that Spear was "cooperative, lucid, of sound judgment, [and] not suicidal or homicidal." (Doc. 11-2 at 8.) The physician further stated that although Spear "does not have an acute medical or psychiatric illness," he "may suffer from an antisocial personality." (*Id.*) The physician further stated that Spear's "behavior is consistent with antisocial behavior." (Doc. 11-1 at 5.) Spear contends the Court should reconsider his detention on the grounds that this information was not fully known to the Court at the time of his detention hearing. (Doc. 11 at 1, ¶ 4.) The government disagrees and has filed an Opposition. (Doc. 21.) On May 22, 2020, the Court held a telephonic hearing on the Motion and took the matter under advisement.

---

[1] The "Emergency Examination" was conducted pursuant to 18 V.S.A. § 7508 on the order of Vermont Superior Court Judge Elizabeth D. Mann. (*See* Doc. 11-2 at 31–32.)

[2] The Court GRANTS Spear's pending "Third Motion to File under Seal" (Doc. 24), having accepted Doc. 24-1 for filing under seal.

Section 3142(f) of Title 18 United States Code permits a judicial officer to reopen a detention hearing if the officer finds that information exists "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Having reviewed the medical records submitted by Spear, the Court concludes that they do not have a material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of the community. The records were generated following observations by an emergency medicine physician, not a mental health specialist. (*See* Docs. 11-1 to 11-2.) No testing or evaluation of Spear occurred beyond that of physical presentation and vital signs. (*Id.*) Nevertheless, as noted above, the emergency medicine physician noted that Spear engaged in behavior "consistent with antisocial behavior." (Doc. 11-1 at 5.) Given this behavior, along with the seriousness of the conduct alleged in the indictment, and Spear's possession of a firearm and ammunition, the Court cannot conclude that the medical records have a material bearing on the question of release or detention, especially in the absence of a full mental health evaluation.

Even assuming the April 28, 2020 Emergency Examination records constitute new and material information, Spear's Motion fails. The Court is guided by the factors set forth in 18 U.S.C. § 3142(g) in deciding whether conditions of release can be set to assure the safety of the community.[3] Those factors include: the nature and

---

[3] Risk of flight is not an issue in this matter.

3

circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *Id.* at § 3142(g)(1)–4).

First, the nature of the offense charged involves threats to harm another person.  Each of Spear's particular threats need not be listed here, as they are all precisely stated in FBI Special Agent Antoine Waithe's Affidavit that was filed in support of the Criminal Complaint.  (*See* Doc. 5-1 at 6–9.)  It is enough to note here that Spear's alleged threats are base, vile, and depraved.  They go beyond the pale of a typical rant and are contrary to accepted rules of morality.  They include not only threats to a specific victim (*see, e.g.*, *id.* at 7 ("[I']ll hunt you down and skin you alive.")), but also threats to that person's family (*see, e.g.*, *id.* ("[I']m going to set your family on fire.")).  Equally troubling is the fact that this conduct was not a one-time error of judgment for Spear; it extended over several months.

In *Elonis v. United States*, 575 U.S. 723 (2015), the Supreme Court held that in order to establish a violation of 18 U.S.C. § 875(c), which Spear is charged with here, the government must prove beyond a reasonable doubt that: (1) the defendant intentionally transmitted a communication in interstate commerce; (2) the circumstances were such that an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a true threat of injury; and (3) the defendant transmitted the communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat.

*United States v. Segui*, 19-cr-188(KAM), 2019 WL 8587291, at *5 (E.D.N.Y. Dec. 2, 2019).  At this stage of the proceedings, there is probable cause to support the government's allegation that each of these prongs has been met and thus Spear violated § 875(c).  Spear's counsel argues that Spear apparently never took affirmative steps to carry out his threats.  But federal agents seized from Spear's residence "a military-style AR-type rifle" with a scope, multiple ammunition clips, and a significant quantity of ammunition.  (Doc. 6 at 3.)  The Court cannot ignore Spear's possession of this arsenal.  Nor can it ignore that Spear appears to be prohibited from possessing firearms under the Gun Control Act, given his marijuana addiction as described in the pretrial services report.  *See* 18 U.S.C. § 922(g)(3).  Also noteworthy, and indicative of his potential danger to the community, Spear is charged with assaulting an officer at the time of execution of the Search Warrant in this case.

As to the second factor in the § 3142(g) analysis—the weight of the evidence against Spear—the Court finds that the government's evidence is strong, consisting of the digital evidence described in the Search Warrant Affidavit, the tangible items seized in execution of the Warrant, and the testimony of the executing officers.

Next the Court considers the third and fourth factors under § 3142(g): the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community.  Spear has no failures to appear in court and no prior criminal history, though he does report persistent marijuana use.  Further, Spear has strong family and community ties to the District of Vermont and

5

a residence to which he could return.  Normally, the lack of a prior criminal record, combined with strong family and community ties, would lead to the conclusion that release is appropriate.  In this case, however, there has been no psychiatric evaluation of Spear by a trained mental health professional; and the nature of the alleged offense conduct, together with the possession of a loaded firearm and Spear's assaultive behavior, lead to the conclusion that Spear is a danger to the community and there are no conditions of release that can be set to assure the safety of the community.  This conclusion is subject to reconsideration upon the completion of a mental health evaluation by a qualified mental health professional, together with development of a structured plan of release.

For these reasons, Spear's Motion to Reconsider Order of Detention (Doc. 11) is DENIED.

Dated at Burlington, in the District of Vermont, this 1st day of June 2020.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge