```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


UNITED STATES OF AMERICA          :
                                  :
          v.                      :    Case No. 2:20-cr-51-1
                                  :
KEVIN SPEAR,                      :
                                  :
          Defendant.              :
```

**OPINION AND ORDER**

(ECF. Nos. 54, 55, 56, 57, 58)

Defendant Kevin Spear ("Spear") is charged with knowingly and willfully transmitting a threat in interstate commerce in violation of 18 U.S.C. § 875(c), and forcibly assaulting, resisting, opposing, impeding and interfering with a person who was at the time performing official duties and assisting federal law enforcement agents in violation of 18 U.S.C. § 111(a)(1). ECF No. 45.

The Court held a hearing on February 22, 2021 to address pending motions. For the reasons summarized below, the Court **denies** the following motions submitted by Spear: Motion to Dismiss Indictment (Lack of Essential Element), Motion to Dismiss Indictment on First Amendment Grounds, Motion to Dismiss Indictment on Due Process Grounds, Motion to Sever Counts, and Motion to Suppress Statements.

**FACTS[1]**

According to the government, in April 2020 the FBI was alerted by Google's global security and cybercrime investigation groups that a series of posts, allegedly threatening in nature, were being made by YouTube user "The Emperor of Mars" on the YouTube platform. ECF No. 64 at 2. Included in these posts were comments made on December 23, 2019 on the video of an interview of the CEO of YouTube: "fuck you scum bag im going to set your family on fire and rape your dog" and "ill hunt you down and skin you alive u have 1 week before I kill you and your entire family". *Id.* at 3. The government asserts that, in assessing whether to take these allegedly threatening statements seriously, the FBI learned that Spear, who they believed to be making the comments, had engaged in an "armed stand-off" with local law enforcement in 2018. *Id.* at 4.

The government asserts that the FBI shared this information with the State of Vermont, and the State of Vermont then applied for a Warrant for Emergency Examination that Judge Elizabeth Mann issued on April 23, 2020. ECF No. 57 at 1, ECF No. 64 at 5. On April 27, Judge Conroy issued a search warrant for the residence. On April 28, 2020, local, state, and federal law

---

[1] The following facts are taken in large part from briefing submitted by the parties on the relevant motions, particularly Docket Numbers 57 and 64.

2

enforcement officers executed the warrants. Spear says that they used excessive force when he questioned why he was being arrested. ECF No. 57 at 1. The government says that Spear resisted arrest and headbutted a Sergeant, causing injuries. ECF No. 64 at 5. Spear was seized and taken to Rutland Regional Medical Center, where an emergency room physician conducted an examination pursuant to the warrant and found him to be suffering from no psychiatric illness. ECF No. 57 at 1-2. The government asserts that when Spear was released from the hospital that afternoon, "based on concern for public safety, federal officials decided to arrest Spear based on probable cause to conclude he had violated 18 U.S.C. §§ 875(c) and 111(a)(1)." ECF No. 64 at 5. A grand jury returned a two-count indictment on May 21, 2020 (ECF No. 20), and a superseding indictment on August 20, 2020 (ECF No. 45).[2]

## DISCUSSION AND ANALYSIS

I. Motions to Dismiss

    A. *Failure to Allege an Essential Element of the Offense*

Defendant first moves to dismiss count one of the indictment for failure to allege an essential element of the offense. Count one of the indictment reads:

---

[2] Spear notes that the Superseding Indictment changed the description of Count One to "threats directed at an individual" from "threats to a YouTube official". *See* ECF Nos. 20, 45.

3

> On or about December 23, 2019, in the District of Vermont and elsewhere, Defendant KEVIN SPEAR, knowingly and willfully did transmit in interstate and foreign commerce communications containing threats to injure the persons of another by posting comments on the Youtube Internet platform containing threats directed at an individual that Spear would "set your family on fire," "hunt down and skin you alive," and that "u have 1 week before I kill you and your family."

ECF No. 45. The allegedly violated statute, 18 U.S.C. § 875(c), reads: "[w]hoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another" shall be guilty of the crime.

Defendant argues that the government failed to plead specific intent with respect to the threatening nature of the communications, and that this violates the Supreme Court's decision in *Elonis v. United States*, 135 S. Ct. 2001 (2015). In *Elonis*, the defendant's conviction was based "solely on how his posts would be understood by a reasonable person" and the Supreme Court reversed, finding in its opinion that the mental state requirement must "apply to the fact that the communication contains a threat." *Id.* at 2011. The government agrees that scienter is an element of 18 U.S.C. § 875(c) for both the transmission of the communication and its threatening content. The purpose of an indictment is to sufficiently inform a defendant of the charges against him and to provide enough detail such that a defendant could plead double jeopardy in a

4

future prosecution based on the same events. *United States v. Bustos de la Pava*, 268 F.3d 157, 162 (2d Cir. 2001). The government argues that "knowingly and willfully" is sufficient to show the element of scienter in the indictment, because this phrase does not only apply to the transmission but also to the content of the communication. The Court finds that the indictment as written sufficiently sets forth the elements here. Defendant is on notice of the nature of the charge against him by use of the words knowingly and willfully. The Court will make clear in instructions that knowingly and willfully does apply to the threatening nature of the communications. Defendant is on notice of the scienter requirements.

     *B. First Amendment*

Spear also moves to dismiss count one on First Amendment grounds. The protections afforded by the First Amendment "are not absolute": one exception to constitutionally protected free speech comes in the form of a "true threat," which the Supreme Court has defined as "those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003). Spear argues that this case "lacks the critical context of a specified individual precisely because there is no one at whom the posted comments are directed" because the comments themselves "do not

5

name, or refer in any way, to a specific individual. Nor is any individual named in the indictment." Thus, according to Spear, the comments cannot be considered a true threat because they were not directed at an individual.

The government responds that the question raised by Spear is really a question of whether the government has sufficient evidence to show that the threat was directed at the CEO of YouTube, and that such a question is meant for the trier of fact to answer. The Court agrees. *See United States v. Wright-Darrisaw*, 781 F.3d 35, 39 (2d Cir. 2015) (stating that "whether words used are a true threat is generally best left to the triers of fact") (internal citations omitted); *United States v. Turner*, 720 F.3d 411, 419 (explaining that "[i]n general, whether a given writing constitutes a threat is an issue of fact for the trial jury") (quotations and citations omitted). Here, the government has focused its case on the comments made on the YouTube video of an interview with the CEO of YouTube. At the hearing on February 22nd, 2021, defense counsel showed the Court an exhibit of the YouTube comments, and described the comment section while arguing that at least one comment allegedly made by Spear could be considered to have been made to another commenter instead of to the CEO. Similarly, defense counsel argued that the comments were general enough in nature to be considered rants against the world, or alternatively that they

6

could be considered to be made against the interviewer instead of the CEO being interviewed. These are arguments that should be made to the trier of fact. The Court finds that the government can assert that a known victim is identified by the context of the message, because the statement was made in a response to an interview of the CEO. Other statements not made in response to this interview are not considered the gravamen of the offense but may be introduced to shed light on his intent. Because of the context of Spear's comment, the government has identified the CEO as the victim here. The motion is denied.

   *C. Due Process*

   Defendant also moved to dismiss the entire indictment, arguing that the government violated his rights under the Fifth and Fourteenth Amendments by illegally obtaining and executing a Warrant for Emergency Examination in violation of his due process rights. ECF No. 57. Defendant argues that he was subjected to offensive and outrageous government conduct on April 28, 2020, when law enforcement officers went to his home and arrested him on an illegally obtained Warrant for Emergency Examination, used excessive force when Defendant questioned why he was being arrested, transported him to Rutland Regional Medical Center and had an emergency room physician conduct an examination pursuant to the warrant where he was found to be suffering from no psychiatric illness. Defendant argues that the

7

Warrant was procured under 18 V.S.A. § 7101(17), which is about someone who *has* a mental illness, not someone who *might* have a mental illness. ECF No. 57 at 2. The Second Circuit has set out a high bar for a party to meet when attempting to dismiss an indictment for violation of due process:

> To meet the "very heavy" burden of establishing a due process violation to dismiss an indictment for outrageous governmental misconduct, a defendant must show that the Government's conduct was "so outrageous that common notions of fairness and decency would be offended were judicial process invoked to obtain a conviction." *United States v. Al Kassar*, 660 F.3d 108, 121 (2d Cir. 2011) (internal quotation marks omitted). This inquiry "turn[s] on whether the governmental conduct, standing alone, is so offensive that it shocks the conscience." *United States v. Chin*, 934 F.2d 393, 398 (2d Cir. 1991) (internal quotation marks omitted). Successful motions to dismiss on this ground have "[o]rdinarily" involved "coercion" or a "violation of the defendant's person." *United States v. Schmidt*, 105 F.3d 82, 91 (2d Cir. 1997); *see, e.g., Rochin v. California*, 342 U.S. 165, 172, 72 S. Ct. 205, 96 L. Ed. 183 (1952) (forcible extraction of accused's stomach contents); *Watts v. Indiana*, 338 U.S. 49, 55, 69 S. Ct. 1347, 93 L. Ed. 1801 (1949) (confession obtained after six days of intense custodial interrogation); *Brown v. Mississippi*, 297 U.S. 278, 279, 56 S. Ct. 461, 80 L. Ed. 682 (1936) ("confessions shown to have been extorted by officers of the state by brutality and violence").

*United States v. Walters*, 910 F.3d 11, 27 (2d Cir. 2018). Defendant argues that the indictment should be dismissed because agents in this case misused the judicial process to seize him. Defendant says that there was no personal observation that he suffered from a mental illness, and says that he cannot have presented an immediate risk of danger because the emergency warrant was not executed until five days after its issuance.

8

Spear further argues that the Emergency Warrant was a product of false information. The affiant wrote that "Mr. Spear has threatened to kill and/or rape people (including Susan Wojcicki specifically) through comments on Youtube. The threat of violence is also coupled with the fact that Mr. Spear may have access to weapons, as he was seen with an 'AR type rifle' in 2018 by Ludlow Police Department." ECF No. 57-1. Spear argues that this was false information because all of the threats were only rants, and the comment posted on December 23, 2019 was posted on the YouTube platform and "was not directed at anyone in particular, let alone Susan Wojcicki. By its very terms, it had a shelf-life of one week." ECF No. 57 at 7.

The Court finds that none of these actions are sufficient to justify dismissal of the indictment on due process grounds. The information here that Spear claims was false is in fact the very information at the heart of the government's case. The sufficiency of the evidence is a question that must be addressed later, at trial. If true, the government's assertions are enough to convict.

*II. Motion to Sever*

Spear moves under F.R.Cr.P. 8 and F.R.Cr.P. 14 to sever the two counts, arguing that there is no logical connection between the two charges. Spear argues that there would be no overlap of evidence, and that a combined trial would substantially

9

prejudice him. The government responds that there is a liberal standard for joinder, and that counts one and two are of a similar character and are both based on Spear's online activity. The government says that to prosecute count two, it will have to explain the federal investigation into the online threats, including those described in count one. The government also argues that Spear's YouTube comments will be evidence in both counts: to show the threats were directed at the CEO and to show his animosity towards law enforcement. Therefore, evidence tying the account to Spear and his residence will be relevant to both counts.

    Fed. R. Crim. P. 8(a) provides that:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The Second Circuit has explained that "Multiple trials are unfair to both the government and the accused. A prosecution is expensive and time-consuming, for the government and the court. The defendant is put to the expense and embarrassment of two or more trials. Accordingly, Fed. R. Crim. P. 8 provides a liberal standard for joinder." *United States v. McGrath*, 558 F.2d 1102, 1106 (2d Cir. 1977). "Joinder is proper if the offenses have a 'sufficient logical connection.'" *United States v. Black*, 677 F.

App'x 696, 698 (2d Cir. 2017) (summary order) (quoting *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990)).

The Court finds that the counts are sufficiently linked to allow joinder. There is a logical connection because the government would want to show the activity engaged in that led to the federal arrest and alleged assault.

Spear also argues that severance is necessary because joinder would prejudice him under Rule 14. Rule 14 of the Federal Rules of Criminal Procedure allows a district court to grant a severance "[i]f the joinder of the offenses or defendants in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Here, the Court finds that the prejudice potentially suffered by Spear by joinder of the claims is not so large that it could not be cured by limiting instructions to the jury.

   *III. Motion to Suppress*

Finally, Spear submitted a motion to suppress statements made on April 28, 2019. The government responds that this motion is moot because it does not intend to use the statements in its case in chief, and Spear accepted this representation at the February 22, 2021 hearing before this Court. Therefore, this motion is denied as moot.

**CONCLUSION**

For the foregoing reasons, the Court **denies** the following motions: Motion to Dismiss Indictment (Lack of Essential Element)(ECF No. 54), Motion to Dismiss Indictment on First Amendment Grounds (ECF No. 56), Motion to Dismiss Indictment on Due Process Grounds (ECF No. 57), Motion to Sever Counts (ECF No. 55), and Motion to Suppress Statements (ECF No. 58).

DATED at Burlington, in the District of Vermont, this 2nd day of March, 2012.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge
